JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>GASPROM, INC. | CASE NO. CV 14-00642-MWF<br><br>**ORDER AFFIRMING<br>BANKRUPTCY COURT ORDER** |
| GASPROM, INC.<br><br>     Plaintiff(s),<br><br>  vs.<br><br>MICHELLE FATEH, et al.<br><br>     Defendant(s). | |

  Appellant-Debtor Gasprom, Inc. appeals from the Order Granting Motion to Annul Bankruptcy Stay and Denying Motion to Set Aside Foreclosure and for OSC re Contempt (the "Order"), rendered in favor of Appellees Michelle Fateh, Fred Fateh, and Green Energy Holdings, LLC. (Excerpts of Record ("ER") 609-10). For the reasons set forth below, the Order is **AFFIRMED**.

<h1 style="text-align:center">I.  BACKGROUND</h1>

  In 2004, Appellant acquired a gas station in Oxnard, California that is the subject of the dispute between the parties (the "Gas Station"). Appellant purchased

1

the Gas Station at a foreclosure sale for $2,500,000.  Appellant operated the station for a number of years and performed valuable improvements on the Gas Station during the ensuing years.  In 2011, Appellee Michelle Fateh contacted Appellant and demanded payment on a note from 1995 secured by a deed of trust on the Gas Station in the approximate amount of $819,000.   In November 2011, Fateh recorded a notice of default on the Gas Station.  She scheduled a foreclosure sale for February 24, 2012.

Appellant filed a chapter 11 petition in bankruptcy on February 24, 2012. Appellant had filed a prior chapter 11 petition on April 29, 2011 to protect its interest in another gas station facing foreclosure.  The prior bankruptcy petition was dismissed on October 24, 2011, for failure to comply with the bankruptcy rules. Appellant's second filing was converted to a chapter 7 liquidation case within five weeks, on March 30, 2012, again for failure to comply with the bankruptcy rules.

The sole asset in the second bankruptcy case was the Gas Station at issue here.  On August 1, 2012, the bankruptcy court (the Honorable Robin L. Riblet, United States Bankruptcy Judge) allowed the chapter 7 trustee to abandon the Gas Station, because the liens on the Gas Station greatly outweighed its value and there were no funds in the estate to complete critical hazardous waste cleanup and purchase insurance for the Gas Station.  (ER173-79).  At the abandonment hearing, but not in any accompanying order, the bankruptcy court stated, "Once the property is no longer property of the estate, if it's abandoned, the stay as to the property terminates." (ER112).  Relying on this statement, Appellees proceeded to foreclose on the Gas Station that same day.

In September 2012, Appellant moved to reopen its bankruptcy case, set-aside the foreclosure sale, and commence contempt proceedings against Appellees for violation of the automatic stay.  The bankruptcy court ruled that no violation had occurred because the automatic stay had been lifted upon abandonment of the Gas Station.  The bankruptcy court further ruled that, in the alternative, the stay could be

2

1  annulled to the extent necessary to validate the foreclosure.  *In re Gasprom, Inc.*,

2  500 B.R. 598, 603 (B.A.P. 9th Cir. 2013) (the "First Appeal") (setting forth facts of

3  case).

4        The Bankruptcy Appellate Panel reversed both of these rulings.  It held that

5  the Bankruptcy Code unambiguously provides that when property of the estate is

6  abandoned, it reverts back to the debtor, and the automatic stay protects property of

7  the debtor whether or not it is property of the estate.  *Id.* at 606.  As for the

8  annulment, the panel held that the bankruptcy court had erred by failing to balance

9  the equities as required under *In re Fjeldsted*, 293 B.R. 12, 24 (B.A.P. 9th Cir.

10  2003).  Rather than balancing the twelve non-exclusive factors set forth in *Fjeldsted*,

11  the panel ruled, the bankruptcy court simply considered one factor and *sua sponte*

12  concluded that annulment was warranted.  *Gasprom*, 500 B.R. at 607-08.

13        The panel remanded to the bankruptcy court for further proceedings.  The

14  panel instructed that "if the court is intent on moving forward, *sua sponte*, with stay

15  annulment proceedings," the bankruptcy court "must give the parties an opportunity

16  to brief and present evidence regarding the equities of granting an annulment."  *Id.*

17  at 608.

18        On remand, on November 20, 2013, Appellant moved to set aside the

19  foreclosure and for an order to show cause re contempt, arguing that the foreclosure

20  sale violated the automatic stay.  Appellant sought to have its motion heard on

21  shortened time, because of the harm to Appellant from being deprived of possession

22  of the Gas Station.  (ER50).  The bankruptcy court set the hearing for December 19,

23  2013.

24        In their opposition to the motion to set aside the foreclosure filed on

25  December 4, 2013, Appellees argued that the foreclosure should not be set aside,

26  because the automatic stay should be annulled.  (ER85-86).  The same day,

27  Appellees filed a one-page motion to annul the automatic stay incorporating the

28  arguments set forth fully in its opposition to the motion to set aside the foreclosure.

(ER209).  On December 10, 2013, the bankruptcy court set both motions for hearing on the same day, December 19, 2013.  (ER219, 222).  Appellant was given until December 17, 2013, to file an opposition to the motion to annul the stay.  (ER222).  Appellant submitted its reply in support of the motion to set aside the foreclosure on December 16, 2013, and its opposition to the motion to annul the stay on December 17, 2013, without objecting to the shortened time.  (ER249-353; ER358-64).

At the hearing, the bankruptcy court heard argument and considered evidence from both sides regarding both setting aside the foreclosure and annulling the stay to validate the foreclosure.  The judge asked whether witnesses were present, and whether the parties wished to cross-examine the witness that was present.  (ER553).  No witness testimony was taken.  The bankruptcy court then orally issued its findings of fact and conclusions of law, concluding that the *Fjeldsted* factors weighed heavily in favor of annulling the stay.  (ER602).  The order granting the motion to annul the bankruptcy stay and denying the motion to set aside foreclosure was filed and entered on January 7, 2014.  (ER609).

Appellant timely filed a notice of appeal in the bankruptcy court on January 20, 2014.  (Docket No. 2).  Pursuant to 28 U.S.C. § 158(c)(1)(B), Appellees elected to have the appear heard in this Court on January 21, 2014.  (Docket No. 3).

Appellant's Reply Brief raises a number of procedural objections to Appellee's Brief.  Appellant points out that the required certificate of compliance, certificate as to interested parties, and notice of related cases were not filed until after Appellee's Brief was filed.  Appellee's Brief did not contain, as required, an explicit statement of issues.  Fed. R. Bankr. P. 8006.  And Appellee's Brief failed explicitly to address certain arguments in Appellant's Opening Brief.  (*See* Appellant's Reply Brief at 5-14).

These procedural missteps do not require that this Court rule in favor of Appellant.  While failure to comply with appellate rules may justify dismissal of an appeal or other sanctions, such sanctions are not mandatory.  *See Han v. Stanford*

4

1  *Univ. Dining Servs.*, 210 F.3d 1038, 1040 (9th Cir. 2000) ("complete disregard for
2  the requirements of the appellate rules" may justify dismissal of appeal).  And while
3  Appellees failed to address every argument raised in Appellant's Opening Brief, a
4  review of the record and applicable law shows that Appellant's arguments simply
5  are unavailing.  Accordingly, the Court declines to construe Appellees' failure to
6  address certain arguments as consent to the correctness of those arguments.

## II.    DISCUSSION

8      The bankruptcy court's conclusions of law are reviewed de novo and findings
9  of fact are reviewed for clear error.  *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503
10  F.3d 933, 940 (9th Cir. 2007).  Appellant's Opening Brief lists 28 issues for
11  resolution on appeal, many of which are duplicative or are not discussed in the
12  remainder of the brief.  (Appellant's Opening Brief at 8-10)  The Court will limit its
13  review to the five issues actually discussed in Appellant's Opening Brief:

- Whether the bankruptcy court abused its discretion in shortening the time for hearing on the motion to annul the stay and the motion to avoid the foreclosure sale, or whether the bankruptcy court violated Federal Rule of Bankruptcy Procedure 9014(e) by failing to inform the parties that witnesses could be presented at the hearing on December 19, 2013.

- Whether the bankruptcy court improperly failed to follow the instructions of the Bankruptcy Appellate Panel after the First Appeal.

- Whether the bankruptcy court abused its discretion by refusing to consider the unclean hands and illegal conduct of Appellees in balancing the equities on the motion to annul the stay.

- Whether the bankruptcy court abused its discretion in finding that the balance of the equities favored Appellees.

- Whether the bankruptcy court was required to recuse itself from the proceedings on remand.

A. <u>**Adequacy of Procedures on Remand**</u>

Appellant argues that the procedures on remand were inadequate for two reasons: *first*, because the bankruptcy court did not provide Appellant a full and fair opportunity to be heard, and *second*, because the bankruptcy court violated Federal Rule of Bankruptcy Procedure 9014(e) by failing to give the parties notice that witnesses could be presented at the hearing on December 19, 2013.

As an initial matter, it is not clear that either of these arguments were properly preserved for appeal. Appellant neither requested a continuance of the hearing on December 19, 2013, nor objected to the hearing as improperly noticed by the bankruptcy court. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 470, 120 S. Ct. 1579, 146 L. Ed. 2d 530 (2000) (holding that the issue of "what due process requires in [a particular] case" is preserved for appeal if the lower court was fairly put on notice as to the substance of the issue).

Furthermore, Appellant fails to show that it was not provided a full and fair opportunity to litigate by having only seven days to respond to the motion to annul the stay. Appellant was on notice of the likely need to gather evidence regarding annulment when the Bankruptcy Appellate Panel released its decision stating that presentation of evidence would be required before the bankruptcy court could annul the stay *sua sponte*. *Gasprom*, 500 B.R. at 608. In fact, Appellant prepared a response consisting of over 100 pages of argument, declarations, and exhibits. (ER249-353). Appellant has not suggested what it would have done differently if it had been given more time to respond to the motion and prepare for the hearing.

Federal Rule of Bankruptcy Procedure 9014(e) states as follows: "The court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify." Fed. R. Bankr. P. 9014(e). The bankruptcy court did not explicitly notify Appellant that witness testimony would be taken at the hearing on December 19, 2013. The parties did know, however, that evidence related to the

6

issue of annulment of the stay was relevant to the motion and hearing: The Bankruptcy Appellate Panel instructed the judge to allow the parties to supplement the record regarding annulment, *Gasprom*, 500 B.R. at 608; Appellant acknowledged in its papers that evidence would be required to determine the outcome of the motion (ER71 (annulment motion "will require briefing and evidence by both sides")); and Appellant in fact collected significant testimony in the form of declarations attached to their papers, and even brought one declarant to the hearing (ER249-353).

It is not clear whether the bankruptcy court intended for the hearing to be one at which witnesses would testify, or whether the court simply offhandedly offered Appellees the opportunity to cross-examine the only witness present at the hearing on December 19, 2013.  In fact, no live witness testimony was presented and the bankruptcy court rendered its decision based on the undisputed testimony presented in the depositions.  Appellant did not request the opportunity to cross-examine the witnesses whose declarations Appellees presented in support of their motion.  Accordingly, even if the bankruptcy court violated Rule 9014(e) by holding a hearing at which witnesses were permitted to testify without giving the parties prior notice—a question this Court does not answer here—any error was harmless.

At the hearing, counsel for Appellant argued that had Appellant known that the bankruptcy court wanted witnesses to be present at the hearing, it would have brought all of its declarants and Appellant's principals (whose declarations were not submitted) to the hearing to allow the bankruptcy court to test their credibility.  Of course, this argument begs the question, because there is no indication from the record that the bankruptcy court wanted witnesses to be present at the hearing, or rendered its decision based on that fact that witnesses were not present to be tested for credibility.  Rather, it rendered its decision based on the evidence before it.  Furthermore, the suggestion that Appellant would have brought its principals to the hearing rings hollow, because Appellant consciously chose not to provide its

1   principals' declarations in support of its papers.  In short, while Appellant has

2   convincingly shown that it could benefit from an opportunity to relitigate the motion

3   to annul the stay given the benefit of hindsight, it has not shown that it is entitled to

4   a second bite of the apple.

5           **B. <u>Bankruptcy Appellate Panel's Instructions</u>**

6           Appellant argues that the bankruptcy court failed to follow the instructions of

7   the Bankruptcy Appellate Panel on remand.

8           The Bankruptcy Appellate Panel's only explicit, unconditional instruction

9   was that the bankruptcy court conduct "further proceedings consistent with this

10  decision."  *Gasprom*, 500 B.R. at 608.  The panel gave further conditional

11  instructions suggesting how the bankruptcy court should proceed under certain

12  circumstances.  Contrary to Appellant's argument, under the express language of the

13  opinion, the bankruptcy court was only required to "give the parties an opportunity

14  to brief and present evidence regarding the equities of granting an annulment ***if*** the

15  court is intent on moving forward, *sua sponte*, with stay annulment proceedings."

16  *Id.* (emphasis added).  The court did not move forward *sua sponte* with stay

17  annulment proceedings, but rather considered the issue in response to Appellees'

18  raising the issue both in their motion to annul the stay and in their opposition to

19  Appellant's motion to set aside foreclosure.

20          Furthermore, the Bankruptcy Appellate Panel did not provide any instructions

21  with respect to how Appellees were required to present their motion to annul the

22  stay.  The panel opined that "the court on remand is not required to further consider

23  annulment unless Fateh/Green should see fit to formally request such relief by filing

24  an appropriate motion."  *Id.* at 608 n.7.  Contrary to Appellant's argument, the panel

25  did not require that Appellees' motion be heard on regular notice.

26          Accordingly, the bankruptcy court appropriately followed the instructions of

27  the Bankruptcy Appellate Panel on remand.

28

1    **C. <u>Unclean Hands and Illegal Activity</u>**

2         Appellant argues that the bankruptcy court was required to consider the

3    unclean hands and illegal activity in its balancing of the equities in determining

4    whether to annul the stay.  The bankruptcy court, Appellant argues, refused to

5    consider Appellant's argument that Appellees had unclean hands because they had

6    violated state law in foreclosing on the Gas Station without a court order allowing

7    the foreclosure.  Appellant asserts that it was an abuse of discretion to annul the stay

8    without considering the unclean hands defense.

9         When presented with Appellant's arguments relating to Appellees' unclean

10   hands and alleged state law violations, the bankruptcy court expressed the opinion

11   that actions taken after the hearing, in which the bankruptcy court allowed the

12   trustee to abandon the Gas Station and instructed the parties that the automatic stay

13   ended with respect to the Gas Station, were not relevant to annulment of the stay.

14   The bankruptcy court did not refuse to consider an unclean hands defense.  Rather,

15   the bankruptcy court determined that the purported state-law violations following

16   abandonment of the property, even if proven, did not change the outcome of the

17   motion to annul the stay.  (ER 528-29 ("[T]he creditor of course needed to follow

18   state law after the creditor foreclosed.  I don't know whether the creditor did or did

19   not.  And that is not what's before me."); ER 594-95 ("If they foreclosed without

20   giving sufficient notice, that's for the State Court to set aside.  If they threw the

21   guard off the property and wouldn't let him guard the property, . . . that's for the

22   State Court to decide.")).

23        The bankruptcy court's refusal to deny the motion on the basis of Appellees'

24   unclean hands was not an abuse of discretion.  A bankruptcy court may annul the

25   automatic stay for cause.  11 U.S.C. § 362(d).  The decision to annul the stay is

26   within the discretion of the bankruptcy court.  *Fjeldsted*, 293 B.R. at 18.  A

27   bankruptcy court conducts a balancing test based on the particular facts of the case,

28   looking, among other factors, to whether the creditor was aware of the bankruptcy

9

petition when it took action against property of the estate, whether the debtor engaged in unreasonable or inequitable conduct, and whether prejudice will result to the creditor. *In re Nat'l Environmental Waste Corp.*, 129 F.3d 1052, 1055 (9th Cir. 1997) (reviewing cases and determining that the court must "balance[] the equities in order to determine whether retroactive annulment is justified"). In *Fjeldsted*, the Bankruptcy Appellate Panel set forth twelve additional non-exclusive factors to guide a court's judgment in determining whether cause exists to annul the stay. *Fjeldsted*, 293 B.R. at 25. The factors set forth in *Fjeldsted* focus heavily on the good faith of the parties and the prejudice that would result to either party from annulling or failing to annul the stay. The twelve factors "are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive." *Id.*

Appellant has not persuasively argued that Appellees' alleged violations of state law in foreclosing on the Gas Station are relevant to the determination of whether cause exists to annul the stay. Although under certain circumstances, violations of state law may indicate bad faith on the part of the creditor and weigh against annulment of the stay, Appellees foreclosed on the Gas Station after the bankruptcy court explicitly instructed them that the automatic stay no longer protected the property. Whether or not their actions violated state law, Appellees acted under the reasonable belief that the automatic stay did not bar their actions. The doctrine of unclean hands does not apply because Appellees' actions were not inequitable.

Furthermore, the propriety of a foreclosure under state law is not relevant to the question whether that foreclosure was barred by the automatic stay. Annulment of the automatic stay focuses on the creditor's actions taken in relation to the bankruptcy: whether the creditor was aware that bankruptcy had been filed, how quickly the creditor moved for annulment of the stay, whether creditors proceeded to violate the stay after learning of the bankruptcy. *Fjeldsted*, 293 B.R. at 25. "In

10

applying the doctrine [of unclean hands], what is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (quoting *Republic Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963)) (internal quotation marks omitted).  Any violations of state law did not lead to Appellees gaining any advantage with respect to the bankruptcy stay. Taking any action (whether legal or illegal) against property of the estate while knowing of the bankruptcy and the automatic stay weighs against annulment; but taking action against property of the estate while under the reasonable belief that the stay had ended does not weigh against annulment.

At the hearing, counsel for Appellant argued that the decision in *In re Still*, 393 B.R. 896, 919-20 (Bankr. C.D. Cal. 2008), shows that the bankruptcy court erred by failing to apply the doctrine of unclean hands in its favor.  *Still* does not support Appellant's position.  In *Still*, the bankruptcy court determined that a relatively small degree of misconduct by an unsophisticated and vulnerable plaintiff was insignificant in comparison to the damage they suffered at the hands of the defendant.  Accordingly, the doctrine of unclean hands did not apply.  *Id.* at 920. *Still* does not support Appellant's position that the bankruptcy court considering a motion to annul the stay must make explicit findings related to an unclean hands defense once a party presents evidence of state law violations unrelated to the stay.

Accordingly, the bankruptcy court's treatment of Appellant's allegations of violations of state law was not error.

### D. <u>Balancing the Equities</u>

Appellant challenges the bankruptcy court's conclusion that the balance of the equities supported annulment of the stay.  A bankruptcy court's balancing of the equities related to retroactive relief from the automatic stay is reviewed for abuse of discretion.  *Fjeldsted*, 293 B.R. at 18 (citing *Nat'l Environmental Waste Corp.*, 129

F.3d at 1055).  Generally, a trial court does not abuse its discretion unless the appellate court is "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances."  *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 943, 945-49 (9th Cir. 2009) (holding that trial court's evidentiary decisions related to admissibility of expert testimony and character evidence were not an abuse of discretion, but admission of rap lyrics found in decedent's car to show animosity toward police was an abuse of discretion).

Appellant argues that the bankruptcy court failed to properly weigh its evidence of the damages that would be suffered by Appellant if annulment were granted, and its evidence that Appellees would stand to lose nothing.  Appellant does not challenge the bankruptcy court's findings with respect to the remaining *Fjeldsted* factors, which, the court found, weighed heavily in favor of Appellees.

Importantly, the bankruptcy court found that Appellant had filed for bankruptcy protection in bad faith.  It found that Appellant had filed with no "hope of reorganization," filed with the intent to hinder creditors, provided no useful information regarding its finances, and otherwise violated the bankruptcy rules and the U.S. Trustee requirements.  (ER585-86, 589).  Appellant's previous bankruptcy petition strongly corroborates this conclusion.

Furthermore, the bankruptcy court found that Appellees had foreclosed on the Gas Station in subjective good faith and objectively reasonable good faith reliance on the court's statement that the automatic stay no longer protected the Gas Station. (ER595 ("I told them there was no more automatic stay.  They did not willfully violate the automatic stay.  They had reason to believe there was no stay, relying on me, who at that time has been on the bench for 24 years.").  Both of these factors weigh heavily in favor of annulment of the stay, and Appellant does not argue that the bankruptcy court's findings on these factors were an abuse of discretion.

Appellant focuses instead on the evidence of relative harm that would be suffered by the parties from an annulment.  Appellant offered evidence that it had

spent $3,800,000 to purchase and improve the Gas Station. The evidence it offered was the declaration of Tatiana Linton, who had been Appellant's in-house counsel. (ER339). The bankruptcy court expressed doubts as to the admissibility of this evidence, because Appellant had not established the declarant's personal knowledge regarding the subject of the testimony. (ER517 ("[S]he doesn't tell me how she knows that . . . ."); ER519 ("Paragraph five is hearsay.")). The bankruptcy court further questioned why the declaration of Appellant's principal, the most logical witness, was not provided. (ER551). The bankruptcy court concluded that Appellant would not suffer from annulment of the stay, because Appellant had no equity in the Gas Station. (ER596). The only valid appraisal stated that the property was worth $2.2 million, while there was scheduled at least $4 million of potential debt against the property. (ER596; ER601).

As to evidence of harm to Appellees, Appellant argues that the bankruptcy court did not require that Appellees present any evidence of harm, but merely accepted their self-serving statements. But the declarations presented by Appellees are evidence of harm, and the bankruptcy court did not abuse its discretion in crediting these declarations, especially given that Appellant presented no contrary evidence. And the bankruptcy court reasonably and correctly concluded that the fact that Appellees had spent $875,000 improving and repairing the Gas Station since foreclosure weighed in their favor, since Appellant would be unable to reimburse Appellees for these expenses above and beyond the disputed deed of trust. (*See* ER591).

Based on the foregoing record, the bankruptcy court did not abuse its discretion in ruling that the balance of the equities weighed heavily in favor of annulment of the stay in favor of Appellees.

**E. Recusal**

Appellant argues that the bankruptcy court abused its discretion by failing to recuse itself from the proceedings on remand, because its impartiality could

13

reasonably have been questioned.  A recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986) (applying 28 U.S.C. § 455 and finding that plaintiff had not shown any actual bias or likelihood of bias).  The denial of recusal is reviewed for abuse of discretion. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (proceedings in prior matter did not establish judicial bias or appearance of bias).

Appellant points to the bankruptcy court's comments, such as "I don't like remands" (ER527), and to the court's purported interruptions of counsel for Appellant during oral argument, as opposed to the purported infrequent interruptions of counsel for Appellees.  These arguments fall far short of a showing that recusal of the bankruptcy court was required.

The record clearly shows that the bankruptcy court ruled against Appellant based on application of the test for annulment of the stay found in *Fjeldsted*.  An unfavorable ruling is not bias.  There is simply no support in the record for Appellant's contention that the bankruptcy court had prejudged the matter against Appellant.

### III.     CONCLUSION

The Order is **AFFIRMED**.

IT IS SO ORDERED.

DATED:  July 29, 2014.

_____
MICHAEL W. FITZGERALD
United States District Judge